UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

    -against-                              Docket No.: 1:2CR00568-001
                                                  Hon. Gary J. Sharpe
DAVID ANDREW EHRLICH,                  Chief U.S. District Judge

                        Defendant.
_____

# SENTENCING MEMORANDUM

_____


ANDERSON, MOSCHETTI & TAFFANY, PLLC
By: Peter J. Moschetti, Jr., Esq.
Attorneys for Defendant
Office and P.O. Address
26 Century Hill Drive, Suite 206
Latham, New York 12110
(518) 785-4900

## INTRODUCTION

David Ehrlich, who comes before this Court for sentencing, is 38 years of age, a father to two young sons, ages 10 and 7, and a lawyer who at one time distinguished himself as a prosecutor in the Albany County District Attorney's Office.

David was born and raised on Long Island and in 1996, graduated from the State University of New York in Albany with a Bachelor's Degree in political science. He went on to attend Albany Law School and obtained a Juris Doctorate Degree in 2001, passed the New York Bar and was licensed to practice here starting in 2002. After spending a short time in private practice, he joined the Albany County District Attorney's Office, where he established a reputation as being a fair, reasonable and conscientious prosecutor.

He left the District Attorney's Office to open his own private practice, in addition to working as a part-time assistant public defender with the Albany Office of the Public Defender. He initially ran a successful practice, concentrating on criminal defense and was successful in defending a number of individuals in high profile cases.

Unfortunately for David, he also began to take on civil matters that were beyond his expertise as a lawyer. He eventually became overwhelmed by the volume of work and began to fall behind and not be able to address his case load. Whether due to pride or fear, or a combination of both, he failed to seek help, and made foolish and inexplicable decisions that have resulted in his disbarment, the destruction of his marriage and the felony conviction that brings him before the Court for sentencing.

As indicated in the letter of his ex-wife that has been submitted to the Court, the conduct that brings him before the Court is so out of character for David that those who know him cannot make sense of it.

He has truly lost almost everything, his license to practice law, his marriage, his reputation, his finances and his ability to maintain employment.

However, he has attempted to turn his life around, working for LexisNexis until he was let go as a result of the publicity surrounding his indictment. He has devoted a considerable amount of time and effort raising his two boys and helping his ex-wife in caring for them and meeting their needs. He has even volunteered his time to assist Hurricane Sandy victims. He has attempted to pay restitution on his own, without direction or order from the court.

It is respectfully submitted that sending David to prison would serve little purpose and accomplish nothing. The only result will be that he is taken from his children, unable to assist in raising them and providing for them.

## DISCUSSION

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court ruled that district court judges need no longer mandatorily apply the Federal Sentencing Guidelines in calculating a defendant's sentence, making the Guidelines **advisory**. The court must now consider the Guidelines but is not bound by them. As the Supreme Court stated in Gall v. United States, 552 U.S. 38 (2007), the Guidelines should be the starting point and the initial benchmark. The district court must then consider the arguments of the parties

and the factors set forth in 18 U.S.C. §3553(a). The district court may not presume the Guideline ranges reasonable. Gall, supra; Pugh v. United States, 186 L.Ed.2d 84 (2013).

**There Should Not be a 3 Level Enhancement Pursuant to §2J1.2(b)(2).**

David pleaded guilty to one count of Obstruction of Justice in violation of 18 U.S.C. §1503 in satisfaction of the indictment. The Guideline for Obstruction of Justice is found in U.S.S.G. §2J1.2.

In calculating the advisory guidelines, the probation department applied a three-level increase pursuant to U.S.S.G. §2J1.2(b)(2). The stated justification for the application was that "the offense resulted in substantial interference with the administration of justice" (Presentence Report, p. 10, ¶30). The report asserts a failure to file an appellant brief on behalf of a criminal defendant and "filing false evidence indicating one had been filed and the appeal had been denied by the Second Circuit Court of Appeals". The position of probation is that this resulted in the unnecessary expenditure of substantial government resources, thereby requiring the 3 level enhancement.

It is the defendant's position that §2J1.2(b)(2) does not apply in this case as his conduct did not result in the expenditure of **substantial** government or court resources.

In order for this section to be applicable, there must be a showing there was substantial interference with the administration of justice, which can be demonstrated by

3

a showing of the unnecessary expenditure of **substantial** government or court resources. U.S. v. Jones, 900 F.2d 512 (2d Cir. 1990).

The sentencing guidelines do not define the term "substantial". U.S. v. Weissman, 195 F.3d 96 (2d Cir. 1999).

In this case, David never filed a brief in the Second Circuit Court of Appeals on behalf of Joseph Brown within the time frame set by the court. According to the Public Docket for the Second Circuit, an order dismissing the appeal was filed on January 16, 2008. David was not listed as the attorney of record for Brown, never having filed a Notice of Appearance in the case. It appears that all notifications were sent to Mr. Brown's attorney of record.

The docket indicates on March 23, 2009, Joseph Brown brought a motion to reinstate his appeal and requested assignment of a Criminal Justice Act (CJA) attorney.

On May 7, 2009, the court granted Mr. Brown's motion and counsel was assigned under the CJA.

On May 15, 2009, a Notice of Appearance was filed by counsel on behalf of Mr. Brown. The scheduling order for submission of briefs was set and on June 19, 2009, a brief was filed on behalf of Mr. Brown.

It is respectfully submitted that the obstruction of justice in this case is premised on the fact that the defendant led Mr. Brown and his wife to believe that a brief had been filed on Mr. Brown's behalf and that later a decision was rendered by the court denying

the appeal when in fact, the brief had never been filed. A fictitious brief and court decision created by David were given to Mrs. Brown.

Although David's conduct is inexcusable, it did not result in the unnecessary expenditure of substantial government or court resources.

The record indicates that a form order to show cause on the schedule default was filed by the court on November 16, 2007, with notice to the attorney of record for Mr. Brown. On January 16, 2008, a form order dismissing the appeal was filed with a notice to the counsel of record. Mr. Brown's request for reinstatement of his appeal was granted, an attorney was assigned on his behalf and the appeal perfected. It is respectfully submitted that this was not a substantial expenditure of government resources.

This is not a case such as U.S. v. Leung, 360 F.3d 62 (2d Cir. 2004), where the defendant was convicted of passport fraud, bail jumping and obstruction of justice. The court found the U.S. Marshals Service had to expend a substantial amount of time and effort in determining that the defendant had fabricated his death to avoid prosecution. The court found significant that a number of marshals had to spend three to four hours a day for more than a month investigating the claim, they were required to obtain hundreds of documents and teams of marshals had to conduct days of surveillance. The court found that all the work and effort taken together represented a substantial unnecessary expenditure of government time and resources.

Nor is this a case such as U.S. v. Norris, 217 F.3d 262 (5th Cir. 2000). In Norris, the defendant was an attorney who was found to have made false declarations during four separate appearances before the bankruptcy court. The court found the false statements substantially interfered with the administration of justice and that defendant's false statements interfered with the bankruptcy court's ability to adjudicate creditors' claims against him and dispose of his assets. The trustee was forced to have to file motions for turnovers, sanctions and civil contempt and the bankruptcy court had to hold numerous hearings on the motions. See also, U.S. v. Weissman, 195 F.3d 96 (2d Cir. 1999) (significant subcommittee staff and manpower required due as a result of defendant's conduct); U.S. v. Butt, 955 F.2d 77 (1st Cir. 1992) (government required to locate and examine numerous witnesses and to immunize individuals who might have otherwise been prosecuted); U.S. v. Atkin, 29 F.3d 267 (7th Cir. 1994) (government required to summon five additional grand jury witnesses from many miles away); U.S. v. Bradach, 949 F.2d 1461 (7th Cir. 1991) (false testimony impaired the grand jury proceedings and necessitated four perjury related trials in three years).

This is also not a situation where substantial interference with the administration of justice can be inferred because the defendant concealed evidence and is the only source of the information. U.S. v. Jones, 900 F.2d 512 (2d Cir. 1990).

The three-level enhancement for substantial interference with the administration of justice is just not applicable in this case.

6

### Section 2J1.2(b)(3)(B) is Not Applicable.

The probation department also calculated a two-level increase under U.S.S.G. §2J1.2(b)(3)(B) (Pre-Sentence Report, pp. 10, 11, ¶31).

This section states in part that if the offense "involved the selection of any essential or especially probative record, document or tangible object to destroy or alter", a two-level increase is required.

The defendant never destroyed or altered any existing records, document or tangible object. A brief and decision were fabricated. Nothing was destroyed and no documents existed that could be altered. This section is clearly not applicable and the two-level increase is not justified.

### Defendant's Total Offense Level.

The guideline 18 for U.S.S.G. 1503 is found in U.S.S.G. §2J1.2. That section provides that an offense involving obstruction of justice has a base offense level of 14.

As the defendant has clearly demonstrated acceptance of responsibility for the offense, the offense level must be decreased by two levels. U.S.S.G. §3E1.1(e).

Therefore, the total offense level should be 12 with a sentencing range of 10 to 16 months.

As this Court knows, in determining the appropriate sentence, the court must consider the Guidelines along with other factors listed in 18 U.S.C. §3553(a). The

Guidelines now being advisory, the restrictions they use to impose on probation, split sentences and community or home confinement no longer limit the courts in the same way.

It is respectfully submitted that a sentence of probation and home confinement would be fair, just and appropriate in this case.

### Sufficient, But Not Greater Than Necessary.

Federal criminal sentences should be "sufficient, but not greater than necessary to achieve the purposes set forth in 18 U.S.C. §3553(a). The sentence should fit the crime, provide for "adequate deterrence", "protect the public" and promote rehabilitation. 18 U.S.C. §3553(a)(2).

Although serious, this is not a crime of violence, a sexual offense or a serious case of narcotics distribution. Mr. Brown's appeal was filed and a decision rendered.

David's conduct has been totally inconsistent with the way he lived his life prior to venturing into the private practice of law. As set forth in the letters submitted to the Court on his behalf, he has made every effort to become a stronger, better person since his acceptance of responsibility for his conduct in this case and in other matters.

David has made full restitution in this case.

He has a significant history of being involved in charitable work, including volunteering with the Police Athletic League, *pro bono* work for domestic violence victims and assisting those individuals adversely affected by Hurricane Sandy.

8

He has been instrumental in raising and caring for his two young sons and has made sure whenever his ex-wife needs assistance with the children, he is there to help her take away some of the burden of being a single working mother. His ex-wife's letter to the Court indicates how indispensable David is to both her and the children.

As a result of David's conduct in this case, he was disbarred from the practice of law. That has been a significant, painful and profound punishment for him. His disbarment was public and well publicized. He has now been rendered financially destitute.

It is respectfully submitted that in addition to probation, a period of home confinement would be consistent with 18 U.S.C. §3553(a)(2) as it would fit the crime, provide for adequate deterrence, protect the public and promote rehabilitation. It would allow David to work from home as he had been doing prior to his arrest. Most importantly, he would be able to take care of his two children and help take a significant burden off their mother's shoulders.

However, should the Court decide some period of incarceration is required, it is respectfully requested that David be allowed to surrender himself to whatever facility is designated by the Bureau of Prisons after sentencing by this Court. During the time this case has been pending, he has been in full compliance with the terms and conditions of his release and does not represent a risk of flight or threat to the safety to the community. Allowing him to surrender himself would give him an opportunity to explain to his children what is happening and prepare them for his absence.

DATED:   July 25, 2013

        Respectfully submitted,

*/s/ Peter J. Moschetti, Jr.*

ANDERSON, MOSCHETTI & TAFFANY, PLLC
By:   Peter J. Moschetti, Jr., Esq.
Bar Roll No.: 102226
Attorneys for Defendant
26 Century Hill Drive, Suite 206
Latham, New York 12110
(518) 785-4900

10